IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **LOUANNA JAY MACK,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. NO. 6:25-cv-148 |
| | § § | JURY DEMANDED |
| **BH MANAGEMENT SERVICES, LLC** | § § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Louanna Jay Mack, files this Complaint and Jury Demand against Defendant BH Management Services, LLC, alleging willful violation of the Family and Medical Leave Act. For causes of action, Plaintiff would show the Court as follows:

### I.
### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Louanna Jay Mack is a resident of Tyler, Smith County, Texas.

2. Defendant BH Management Services, LLC is a foreign entity which can be served with Citation through its Registered Agent, Registered Agent Solutions, Inc., 1701 Directors Blvd Suite 300, Austin, Texas 78744.

3. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331.

4. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Smith County, Texas.

### II.
### FACTUAL BACKGROUND

5. Plaintiff, Louanna Jay Mack (hereinafter "Plaintiff" or "Mack" was hired by the

Defendant in March 2017 as an assistant community manager for Chelsea Creek Apartments with is a sister property to River Oaks in Tyler, Texas.

6. On February 28, 2023 Mack gave a letter to BH Management asking for reasonable accommodation to her manager and regional manager because she was having so much arthritis pain in her hips and could no longer climb stairs without terrible pain. Mack was able to keep working and handling all aspects of her job, except for delivering any notices upstairs, which was handled by the leasing agent.

7. By the end of April 2023, Mack's pain had seriously progressed fast and she was using a cane to walk. During this time frame the office was to be remodeled so everything was moved into the vacant model apartment on site at River Oaks apartments.

8. Around May 4, 2023 Mack notified her manager and the BH Management corporate HR office that she needed to have hip replacement surgery which was scheduled for June 30, 2023. Mack applied for and was approved for FMLA leave for the hip replacement surgery.

9. About five days before Mack was to go out on FMLA the regional manager, Christine Lewis called Mack and asked her how she was doing and told her and that her job was safe.

10. Mack went to surgery June 30, 2023 for total hip replacement. All went well with the surgery and she went home to rest and recover. Two weeks later on July 14, 2023 Mack received a three way phone call from Ashley Clifton and Christine Lewis stating that her job was being eliminated on August 21, 2023. Mack was not returned to her position after the expiration of her protected FMLA leave.

### III.
### CAUSES OF ACTION
### COUNT ONE:

**Family and Medical Leave Act**

11. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. This FMLA also contains provisions prevent an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendants are in willful violation of the FMLA. Defendants violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

12. Plaintiff availed herself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendants' decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

13. In addition, an employee who takes FMLA leave under section 2612 shall be entitled, on return from such leave, to be restored by the employer to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. See 29 U.S.C. §2614(a)(1). Furthermore, the taking of FMLA leave under section 2612 shall not result in the loss of any employment benefit accrued prior to the date on which the leave commended. See 29 U.S.C. §2614(a)(2). Defendants have violated these provisions of the FMLA by terminating Plaintiff while she was on FMLA and refusing to reinstate her into her position following her FMLA leave.

## IV.
## DAMAGES

14. As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front

pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

## V.
## LIQUIDATED DAMAGES

15. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, *supra*.

## VI.
## ATTORNEYS' FEES AND EXPERT FEES

16. A prevailing party may recover reasonable attorneys' and experts' fees. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services ,and any appeals.  Plaintiff additionally brings suit for expert fees.

## VII.
## JURY DEMAND

17. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

4. The Court award Plaintiff pre- and post-judgment interest at the highest rates

allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

                                                          Respectfully submitted,

/s/*William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Phone/Facsimile

ATTORNEY FOR PLAINTIFF